**Kalraj SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–75205.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007 *.

Filed Aug. 21, 2007.

R.App. P. 34(a)(2).

Martin Avila Robles, Esq., Law Office of Martin Resendez Guajardo, P.C., San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Aviva L. Poczter, Esq., Molly L. Debusschere, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM **

Kalraj Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen to reapply for asylum based upon changed country conditions. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003), we deny in part and dismiss in part the petition for review.

The BIA acted within its discretion in denying Singh's motion to reopen because it was filed more than three years after the BIA's final removal order, *see* 8 U.S.C. § 1229a(c)(7)(C)(i) (motion to reopen must be filed within 90 days of final administrative removal order), it was his second motion to reopen, *see* 8 U.S.C. § 1229a(c)(7)(A) (permitting one motion to reopen), and Singh failed to present new and material evidence of changed conditions in India, *see* 8 U.S.C. § 1229a(c)(7)(C)(ii) (no time limit on motion to reopen to apply for asylum based on changed country conditions if evidence is material and previously unavailable).

We lack jurisdiction to review the BIA's decision not to invoke its *sua sponte* authority to reopen proceedings under 8 C.F.R. § 1003.2(a). *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002) (noting that "the decision of the BIA whether to invoke its *sua sponte* authority is committed to its unfettered discretion.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.